# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2014

Lyle W. Cayce
Clerk

STANLEY G. ROTHENBERG,

Petitioner-Appellant

v.

MAUREEN CRUZ, Warden, FCI Seagoville,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-4041

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stanley G. Rothenberg, federal prisoner # 76042-004, appeals the district court's denial of his 28 U.S.C. § 2241 petition challenging two prison disciplinary convictions on due process grounds.  Regarding the first disciplinary conviction, Incident Report # 2213792, Rothenberg fails to address the district court's conclusion that his claims are not cognizable because the claims concerned the conditions of his confinement rather than the duration of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his confinement.     Therefore,  Rothenberg's  claims  regarding  the  first disciplinary proceeding are deemed abandoned.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

With  regard  to  the  second  disciplinary  conviction,  Incident  Report # 2218281, Rothenberg fails to address the district court's dismissal of his claim on the basis that temporary placement in administrative segregation does not implicate a liberty interest.   Therefore, that issue is also deemed abandoned.  *See id.*

Rothenberg argues that his due process rights were denied because there was insufficient evidence to support his disciplinary conviction for failure to obey an order.   He contends that the evidence was insufficient because the correctional  officer  was  not  credible  and  because  Rothenberg's  physical limitations excused him from cutting in line.  There was at least some evidence upon  which  Rothenberg  was  convicted  of  the  second  disciplinary  violation; thus, the evidence was sufficient to support the disciplinary conviction.  *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

Because Rothenberg failed to set forth facts which would entitle him to relief, the district court did not abuse its discretion by refusing to hold an evidentiary hearing.  *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.